**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 04-20262-CIV-GRAHAM

LAKE WORTH FOR GLOBAL JUSTICE, INC.,

     Plaintiff,

vs.

CITY OF MIAMI; JOE ARRIOLA, in
his official capacity as the City
Manager of the City of Miami;
JOHN TIMONEY, in his official
capacity as the Chief of Police for
the City of Miami Police Department;
WILLIAM BRYSON, in his official
capacity as the Chief of the Fire
Rescue Department of the City of
Miami,

     Defendants.

_____/

FILED by _____ D.C.

**FEB 2 7 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

<u>**ORDER**</u>

**THIS CAUSE** came before the Court upon Plaintiff's Motion for a Temporary Restraining Order and Request for Expedited Hearing (D.E. 20).

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

On February 4, 2004, Plaintiff, Lake Worth for Global Justice, Inc., filed a complaint challenging the constitutionality of several sections of the City of Miami's Code imposing permit requirements for public expressive activities. Along with their complaint, Lake Worth filed a motion for a temporary restraining



order (TRO), pursuant to Federal Rule of Civil Procedure 65(b), seeking to stop the City from enforcing the challenged provisions of the Code so that Lake Worth could engage in public protests on February 5, 2004, without having to obtain a permit, as required by the City Code.

The next day, on February 5, 2004, the Court held an emergency hearing on Lake Worth's Motion for a TRO. Shortly before the hearing was held, counsel for the City submitted a written response to Lake Worth's Motion that sought to resolve the issues raised in the Motion and a thirty (30) day extension of time to respond to the complaint. The purpose of the request for a thirty-day extension of time was to allow the City to review the challenges made by Lake Worth and attempt to remedy any constitutional infirmities raised in the complaint. At the hearing, the Court expressed concern about the constitutionality of the various provisions being challenged in the complaint, having reviewed the current case law from the United States Supreme Court and the Eleventh Circuit Court of Appeals. Warren Bittner, Esq., who represented the City at the hearing, advised that the issues raised by Lake Worth would be promptly addressed by the City.

The City then proposed to treat the complaint as Lake Worth's application for a permit to engage in public protests on February 5, 2004, and waive the requirements of section 54-3©) of the Code, containing assumption of risk and liability provisions as well as

a requirement of insurance.  The City's agreed to issue future similar permits upon two business days' prior to the scheduled day of the expressive public activities.  After evaluating the City's proposal, counsel for Lake Worth agreed to accept the City's proposal.

The Court then directed the parties to reduce to writing the agreement that they had reached so that the agreement could be incorporated into an Order which would then govern the status quo during the pendency of the litigation.  After the parties reduced to writing a summary of their mutual agreement as expressed during the hearing, the Court issued an order on February 5, 2004 ("Consent Order").  The Court's Consent Order states, in part: "Consistent with the parties' agreement, during the course of this litigation, the City shall issue permits to Plaintiff for similar demonstrations, waiving the requirements set forth in section 54-3©) upon two (2) business days' notice."

On February 20, 2004, before the thirty-day period of time given to the City had elapsed, Lake Worth filed an amended complaint.  The amended complaint adds two new plaintiffs, and with the exception of one additional provision of the Code, the amended complaint challenges the same provisions of the Code that were challenged in the initial complaint.  The two additional Plaintiffs, Progressive Democratic Alliance, and Larry Winawer, as Lake Worth had done on February 4, 2004, sought the entry of an

3

order stopping the City from enforcing its permit requirements. According to the declaration of Plaintiffs, Lawrence E. Winawer and Robert Haigh, the founder of Progressive Democratic Alliance (PDA), on March 1, 2004 and March 20, 2004, respectively, they and others wish to engage in public demonstrations, but fear being arrested both because of the arrests that took place during the FTAA conferences in November of 2003, and because of the City's requirement that they obtain a permit prior to the demonstrations. None of the plaintiffs has applied, or intends to apply, for a permit. The Court directed the City to respond to the request for preliminary injunctive relief on an expedited basis.

After reviewing the allegations contained in the initial complaint, the City agreed to remedy the infirmities contained in the Code and requested a thirty (30) day extension of time to make the appropriate revisions, submit the revisions to the commission and obtain the enactment of a new ordinance. The City addressed the plaintiff's fear of being arrested or prosecuted for failing to obtain a permit while amendments to the Code became effective by agreeing to issue a permit waiving certain requirements upon two business days' notice. Lake Worth consented to the City's proposal during the pendency of the litigation.

Additionally, in its response to the request of PDA and Winawer for a preliminary injunction, the City has treated their amended complaint as a request for a permit and has granted them a

4

permit to participate in the expressive activities scheduled for
March 1, 2004.[1]  The issuance of the permit removes the possibility
that the members of the PDA or Winawer will be arrested or harassed
for failure to comply with the Code.   Consequently, the issues
raised in the request for injunctive relief are now moot by the
issuance of the permit.

Plaintiffs claim the City has refused to extend the Consent
Order to requests for permits by other groups for similar
expressive activities during the pendency of this litigation.   In
its response, the City seems to take the position that the Court's
consent order is not applicable to other parties.  The Court agrees
with Plaintiffs that the agreement reached by the parties at the
February 5, 2004, hearing extends to other groups and individuals
who wish to engage in protected expressive activities and is not
limited to the parties to this litigation.  Indeed, before agreeing
to the City's proposal, counsel for Lake Worth expressed concern
that the City's proposal would not extend to non-parties:

> The second point is, is that the nature of this facial
> challenge, of course, means that on party is entitled to
> raise these issues on behalf of all interested parties,

_____

[1] Wile PDA and Winawer took the step of filing a complaint
to come within the scope of the Court's February 4, 2004, Consent
Order, it is not necessary for an individual or organization to
file a complaint in federal court simply to obtain a permit
similar to the ones the City has given to the Plaintiffs in this
case.   It is only required, during the pendency of this
litigation, that an individual or organization desiring to
demonstrate file an application for a permit to demonstrate with
two days' notice.

and I am aware that there are some groups from Broward
County who are apparently intending to come tonight to
protest and, you know, if the City is going to say that
they are going to waive it for all demonstrators that
show up this evening and they're waiving the insurance
requirement for everyone who wants to protest this
evening, then I suppose that would be acceptable for now

Warren Bittner, who represented the City at the hearing,
responded by clarifying that the Code provision being challenged
"does not apply to anybody who shows up for that demonstration or
future demonstrations that you give us two days' notice of that we
can issue a permit, it wasn't intended to apply to this type of
thing."

It is apparent from the concerns expressed by the Plaintiff's
counsel that Plaintiffs would not have consented to the City's
proposal, as outlined in the Consent Order, if the permits were
only to be issued to the parties to this litigation. Based on the
parties' statements and submissions at the hearing, it was the
Court's intent that its Consent Order apply to Plaintiffs as well
as other similarly situated individuals. This inference is further
confirmed by the City's decision to extend the Consent Order to PDA
and Winawer even though they are not parties to the original
agreement. Accordingly, today the Court clarifies that the City's
agreement to issue permits, as contained in the Court's February 5,
2004, Consent Order, extends to every individual or organization
that desires to engage in lawful expressive activities, like the

ones described in this case.[2]

Finally, in the event a decision is made to deny an application for a permit made pursuant to the Court's February 5, 2004, Order, the reasons for the denial shall be stated with particularity <u>and</u> the City shall notify the undersigned's Chambers of the anticipated denial no later than twenty-four (24) hours prior to the scheduled event giving rise to the permit application. The Court will then schedule a hearing on the denial of the permit application forthwith.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2004.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[2] The Court's clarification is based on the Court's understanding of the exchange that took place at the hearing on February 5, 2004. In addition, the Court has no reason to conclude that the City would want to relieve some citizens of the provisions of its permit scheme while denying the same relief to others. If, however, the City has a valid reason for refusing to extend the Consent Order to non-parties to this suit, the Court will hear oral arguments on that issue on Tuesday, March 2, 2004, at 5:00 p.m. at the United States District Courthouse, 300 South Sixth Street, Courtroom One, Fort Pierce, Florida, where the Court has been presiding over a criminal trial since February 18, 2004. If such a hearing is requested, the City must notify the opposing parties and the Court no later than 5:00 p.m. Monday, March 1, 2004.